# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **JEROME ALAN JOHNSON** and | * | **Case No. 19-12437-BFK** |
| **MICHELE ANITA JOHNSON,** | * | Chapter 7 |
| | * | |
| Debtors. | * | |
| | * | |
| **DONALD F. KING, TRUSTEE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Adv. Proceeding No.** _____ |
| | * | |
| **MARY ELLA JOHNSON** | * | |
| 8815 Colemans Lake Rd. | * | |
| Ford, VA 23850 | * | |
| | * | |
| Defendant, | * | |
| | * | |
| **EMERI M. JOHNSON** | * | |
| 15338 Colonel Tansill Ct. | * | |
| Woodbridge, VA 22193-5888 | * | |
| | * | |
| Defendant, | * | |
| | * | |
| **GABRIELLE A. JOHNSON** | * | |
| 15338 Colonel Tansill Ct. | * | |
| Woodbridge, VA 22193-5888 | * | |
| | * | |
| Defendant, | * | |
| | * | |
| **LEGACY WEALTH PROPERTIES, LLC** | * | |
| 15338 Colonel Tansill Ct. | * | |
| Woodbridge, VA 22193-5888 | * | |
| | * | |
| Defendant. | * | |
| | * | |

Bradley D. Jones (VSB No. 85095)
ODIN, FELDMAN & PITTLEMAN, PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone:  703-218-2176
Fax:     703-218-2160
Brad.Jones@ofplaw.com

*Counsel for the Chapter 7 Trustee*

**COMPLAINT TO SELL JOINTLY–OWNED PROPERTY
PURSUANT TO SECTION 363(h) OF THE BANKRUPTCY CODE,
OR IN THE ALTERNATIVE, COMPLAINT TO COMPEL DISSOLUTION OR SET ASIDE TRANSFERS**

COMES NOW Donald F. King, ("**Trustee**" or "**Plaintiff**") in his capacity as Trustee for the Bankruptcy Estate of Jerome Alan Johnson and Michele Anita Johnson (the "**Bankruptcy Estate**"), by and through its undersigned counsel, and files this complaint against Mary Ella Johnson, Emeri M. Johnson, Gabrielle A. Johnson, and Legacy Wealth Properties, LLC to sell jointly-owned property under section 363(h) of the Bankruptcy Code, or in the alternative, to compel dissolution or set aside transfers pursuant to 11 U.S.C. §§ 541, 544, 548, 550 and Va. Code § 13.1-1047, 55.1-400, 55.1-401 against. Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff, Donald F. King, is the duly appointed chapter 7 trustee (the "**Trustee**").

2. Defendant, Legacy Wealth Properties, LLC, is a Virginia Limited Liability Company with its principal place of business located at 15338 Colonel Tansill Court, Woodbridge, VA, 22193, which is the Debtors' address of record in the above captioned bankruptcy case. Legacy Wealth Properties, LLC ("**Legacy Wealth Properties**") is the record owner of real property located at 8815 Colemans Lake Rd., Ford, VA 23850 (the "**Colemans Lake Property**"). Other than the Colemans Lake Property, Legacy Wealth Properties owns no other assets. The Bankruptcy Estate is a beneficial co-owner of the Colemans Lake Property through its ownership of an interest in Legacy Wealth Properties. The Debtor, Jerome Johnson, is the Registered Agent of Legacy Wealth Properties in his capacity as the Member or Manager of the company.

3. Defendant, Mary Ella Johnson, is a Virginia resident who resides at the Colemans Lake Property, which is the real property at issue in this complaint.

- 2 -

4.  Defendant, Emeri M. Johnson, is an individual that upon information and belief resides at 15338 Colonel Tansill Ct. Woodbridge, VA 22193-5888. Ms. Johnson is the Debtors' daughter. Upon information and belief Emeri M. Johnson has a membership interest in Legacy Wealth Properties, LLC. Through her interest in Legacy Wealth Properties, LLC, Ms. Johnson either currently beneficially owns, or at one time owned, a co-ownership interest in the Colemans Lake Property through her ownership of an interest in Legacy Wealth Properties.

5.  Defendant, Gabrielle A. Johnson, is an individual that upon information and belief resides at 15338 Colonel Tansill Ct. Woodbridge, VA 22193-5888. Ms. Johnson is the Debtors' daughter. Upon information and belief Gabrielle A. Johnson has a membership interest in Legacy Wealth Properties, LLC. Through her interest in Legacy Wealth Properties, LLC, Ms. Johnson either currently beneficially owns, or at one time owned, a co-ownership interest in the Colemans Lake Property through her ownership of an interest in Legacy Wealth Properties.

## JURISDICTION

6.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

7.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (M), (N), and (O).

## BACKGROUND

9.  Jerome Alan Johnson and Michele Anita Johnson (the "**Debtors**") filed a voluntary petition under chapter 7 of Title 11 of the United States Code on July 25, 2019. Mr. Johnson is the Member or Manager of a Virginia limited liability company listed in the records of the Virginia State Corporation Commission as "Legacy Wealth Properties LLC." Mr. Johnson serves as the company's Registered Agent. Legacy Wealth Properties owns the Colemans Lake Property and aside from that property owns no other assets.

10. The Debtors' Statement of Financial Affairs lists an ownership interest in Legacy Wealth Properties, describing the nature of the business as "Ownership of home in which Husband-Debtor's mother resides. No EIN is provided. Bankr. Dkt. No. 15 at 84.

11. The property tax records for Dinwiddie County Virginia list Legacy Wealth Properties as the owner of a property located at 8815 Colemans Lake Road, Ford, VA 23850. The Colemans Lake Property is a three–bedroom, one–bathroom house with 1,360 square feet on approximately 13.3 acres of land. The Zillow estimate of its value is $203,500.00.

12. The Colemans Lake Property is further described as:

> ALL that certain lot of land, piece or parcel of land with all improvements thereon belonging, lying and being situated in Namozine District, Dinwiddie County, Virginia, containing thirteen and three-tenths (13.3) acres more or less, by actual survey, as shown on a certain map of the same and other land, made by W.G. Chappell, C.L.S., Dinwiddie. Virginia, dated November 16, 1960, (Revised August 8, 1961, to show Part "C" and August l2, 1964, to show Part "D", according to the legend on said map), which map is attached to and made a part of a deed from Darcy P. Grigg and Mary L. Grigg, his wife, to William W. Gilliam, dated September 21, 1964, recorded April 8, 1966, Clerk's Office, Circuit Court, County of Dinwiddie, Virginia, in Deed Book 127, Page 152 and to which map reference is hereby made for a more particular metes and bounds description of said property; the said lot, tract, piece or parcel of land being designated on said map as the "Remainder 13.3 acres more or less" and being a part of the Pick Pocket Tract, and being bounded and described, as shown on said map as follows:
>
> On the North by land designated on said map as "Part 2 of Part D; on the East by certain land of Maude H. Mallory, on the South by certain land designated as "Part A" and on the West by Virginia State Highway No. 624, generally known as Coleman's Lake Road and/or South Street, formerly known and designated as Mill Road.
>
> Being the same real estate which was conveyed to Legacy Wealth Properties, LLC by Mary E. Johnson, widow, and Ramona Johnson Howard by general warranty deed dated September 12, 2015 and recorded on September 16, 2015 as Instrument #150002608 in the Clerk's Office, Circuit Court, of the County of Dinwiddie.

13. The Debtors claim that Legacy Wealth Properties transferred its ownership of the Colemans Lake Property.

14. In support the Debtors provided to the Trustee a Consent to Action by Members Without a Meeting ("**Consent**") purportedly executed on October 29, 2016.

15. The Consent was signed by the Debtors, Emeri M. Johnson and Gabrielle A. Johnson.

16. The Consent resolves that "due to financial hardships and the inability to pay Mary Ella Johnson for the property located in Dinwiddie County, Virginia as agreed upon at the time of the formation of Legacy Wealth Properties, LLC, 100% (one hundred percent) of the property is signed back over to Mary Ella Johnson. All four Members relinquish any and all rights to the said property to Mary Ella Johnson."

17. However, Legacy Wealth Properties never transferred Colemans Lake Property and continues to own the real estate.

18. The Trustee on behalf of the Bankruptcy Estate is seeking to sell the Debtors' interest in Legacy Wealth Properties, LLC and the Colemans Lake Property.

**COUNT I**
**SALE OF CO-OWNER INTEREST**
**UNDER 11 U.S.C. § 363(h)**

19. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 18.

20. The Defendants are non-debtors who beneficially co-own the Colemans Lake Property or that reside in the Colemans Lake Property.

21. The Trustee desires to sell both the Bankruptcy Estate's interest in the Property and Legacy Wealth Properties, LLC's interests as well as the non-debtor, co-owner interests of

the Defendants in the Property pursuant to Sections 363(b)(1) and 363(h) of the Bankruptcy Code.

22. Upon information and belief, partition in kind of the Colemans Lake Property among the Bankruptcy Estate and the Defendants is impracticable.

23. The sale of the Bankruptcy Estate's interest in the Colemans Lake Property alone would realize significantly less for the estate than a sale of the Colemans Lake Property free of the interests of the Defendants.

24. Upon information and belief, the benefit to the Bankruptcy Estate of a sale of the Colemans Lake Property free of the interests of the co-owner outweighs the detriment, if any, to the Defendants.

25. The Colemans Lake Property is not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

26. With access to the Colemans Lake Property and the efforts of a real estate broker, the Trustee expects to receive an offer for the property.

27. Any sale of the Colemans Lake Property will be subject to the approval of the Bankruptcy Court, and the Trustee will file a motion to approve any such sale once there is a ratified contract for the Property.

Wherefore, Donald F. King, Trustee requests entry of a judgment pursuant to 11 U.S.C. § 363(h) authorizing the Trustee to sell both the Bankruptcy Estate's interest in the Colemans Lake Property as well as the interest of the Defendants upon presentation of a ratified contract of sale and motion for approval of that contemplated sale, for entry of an order requiring the Defendant to cooperate with the Trustee and his agents, including the real estate broker, in facilitating the marketing of the Property for sale, or alternatively, for entry of an order

permitting the Trustee and his agents to enter upon the Property for purposes of facilitating the sale of the Property, for an award of his attorneys fees and costs, and for such other and further relief as may be necessary.

**COUNT II**
**IN THE ALTERNATIVE, ACTION TO SET ASIDE**
**TRANSFER VOIDABLE BY A BONA FIDE PURCHASER**
**PURSUANT TO 11 U.S.C. §§ 544(a)(3), 550**

28. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 27.

29. The Trustee believes this Court can order the sale of the Colemans Lake Property pursuant to 11 U.S.C. § 363(h), but in the alternative, the Trustee believes any transfer or interest in the property is voidable pursuant to 11 U.S.C. § 544(a)(3).

30. Section 544(a)(3) of the Bankruptcy Code permits the trustee to avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by "a bona fide purchaser of real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

31. The record owner of the Colemans Lake Property is Legacy Wealth Properties, LLC, which is an entity owned and controlled by the Debtors.

32. A bona fide purchaser for value of the Colemans Lake Property, or the Debtors' interest in Legacy Wealth Properties, LLC, which had perfected its interest, would be permitted to avoid any transfer of the Colemans Lake Property to Mary Ella Johnson.

33. A bona fide purchaser for value of the Colemans Lake Property, or the Debtors' interest in Legacy Wealth Properties, LLC, which had perfected its interest, would also be permitted to avoid any obligations incurred by the Debtor or Legacy Wealth Properties, LLC to Mary Ella Johnson.

34. To the extent any transfer of the property or obligation is avoided, the Plaintiff, on behalf of the Bankruptcy Estate, may recover the transferred property or the value of the transferred property from the Defendants pursuant to 11 U.S.C. § 550(a).

35. The Bankruptcy Estate has been damaged in an amount equal to the value of the transfers, plus attorneys' fees, and costs of suit and collection.

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) avoiding the transfers pursuant to 11 U.S.C. § 544(a)(3); (b) awarding judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550 in the amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs, as appropriate; and (c) granting such other relief as this Court deems appropriate.

## COUNT III
### IN THE ALTERNATIVE, ACTION TO COMPEL DISSOLUTION OF LEGACY WEALTH PROPERTIES, LLC
### UNDER VA. CODE § 13.1-1047 AND 11 U.S.C. § 541

36. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 35.

37. Pursuant to 11 U.S.C. § 541, on the filing of a bankruptcy petition, the Debtors' interest in any non-exempt litigation claim actions belong to the Bankruptcy Estate and may be brought by the Trustee.

38. As a result, the Trustee may bring claims available to the Debtors to wind-up and dissolve Legacy Wealth Properties, LLC for the benefit of the LLC and its members.

39. Pursuant to Va. Code Ann. § 13.1-1047, on application by a member of a Virginia Limited Liability Company, a Court may decree dissolution of a limited liability company if it is not reasonably practicable to carry on the business in conformity with the articles of organization and any operating agreement.

40. Due to financial hardship and the inability of Legacy Wealth Properties, LLC to pay its debts, it is not reasonably practicable to carry on the business of the company.

41. As a result, the Court should authorize the Trustee to monetize the assets of Legacy Wealth Properties, LLC, including the Colemans Lake Property, wind up the company pursuant to Va. Code Ann. § 13.1-1048 and distribute the proceeds to any creditors of the company and its members pursuant to Va. Code Ann. § 13.1-1049.

Wherefore, Donald F. King, Trustee requests entry of a judgment pursuant to 11 U.S.C. § 541 and Va. Code Ann. § 13.1-1047 authorizing the Trustee to wind-up Legacy Wealth Properties, LLC, sell the Colemans Lake Property upon presentation of a ratified contract of sale and motion for approval of that contemplated sale and to distribute the proceeds to the company's creditors and members.

**COUNT IV**
**IN THE ALTERNATIVE, RECOVERY OF PROPERTY UNDER VIRGINIA LAW**
**VOIDABLE ACTUALLY FRAUDULENT TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 544(b)(1), 550 & VA. CODE ANN. § 55.1-400**

42. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 41.

43. The Trustee does not believe that the Debtors or Legacy Wealth Properties ever transferred their interests in the Colemans Lake Property, but in the event the transfer occurred, the transfer is avoidable.

44. Pursuant to 11 U.S.C. § 544(b)(1), the Plaintiff may avoid any transfer of interest of the Debtors in property that is voidable under state law by a creditor holding an allowable unsecured claim.

45. On October 29, 2016, the date the Consent was allegedly executed, the Debtors were indebted to one or more creditors holding an allowable unsecured claim (the "**Pre-Transfer Creditors**").

46. Those creditors specifically include the Internal Revenue Service, the City of Portsmouth, the Commonwealth of Virginia, Bank of America, and the Comptroller of Maryland.

47. The Internal Revenue Service filed a proof of claim in this case. Claim 7–1. That proof of claim discloses that the IRS is owed unpaid income tax for tax years 2010, 2011, 2012, 2013, and 2014. Claim 7–1 at 5. The total income tax owed for these years total $332,567.40, not including interest.

48. At the time the Consent was allegedly executed, the Debtors knew that they owed unpaid taxes because the IRS had entered an assessment for the unpaid taxes for each of these tax years prior to October 29, 2016. Claim 7–1 at 5.

49. The IRS's proof of claim also discloses that the Debtors were assessed civil penalties on November 12, 2012 for the 2nd, 3rd, and 4th Quarters of 2007; the 1st, 2nd, 3rd, and 4th Quarters of 2008; the 1st, 2nd, 3rd, and 4th Quarters of 2009; and the 1st, 3rd, and 4th Quarters of 2012. Claim 7–1 at 4.

50. The tax due for these civil penalties at the time the Consent was purportedly executed totals $177,364.52, not including additional interest amounts. The amount remains owing to the Internal Revenue Service. Claim 7–1 at 4.

51. The Debtors were experiencing financial hardships at the time the Consent was executed.

52. The Debtors' purported relinquishment of "any and all rights" to the Colemans Lake Property in favor of Mary Ella Johnson was a transfer of the Debtors' interest in property.

53. This transfer described in Paragraph 52 was a conveyance given with the intent to delay, hinder or defraud creditors within the meaning of Va. Code Ann. § 55.1-400 and, pursuant

to that section, that transfer is voidable by unsecured creditors who were owed money by the Debtor on the date of the transfer, including each of the Pre-Transfer Creditors.

54. The Debtors' execution of the Consent and any signing over of the Colemans Lake Property was also a transfer of the Debtors' interest in property.

55. The transfers described in Paragraph 52 and Paragraph 54 were conveyances given with the intent to delay, hinder or defraud creditors within the meaning of Va. Code Ann. § 55.1-400 and, pursuant to that section, that transfer is voidable by unsecured creditors who were owed money by the Debtor on the date of the transfer, including each of the Pre-Transfer Creditors.

56. The transfers are thus avoidable by the Plaintiff pursuant to 11 U.S.C. § 544(b)(1) and Va. Code Ann. § 55.1–400 and Va. Code Ann. § 55.1–404.

57. To the extent the transfers are avoided, the Plaintiff, on behalf of the Bankruptcy Estate, may recover the transferred property or the value of the transferred property from the Defendants pursuant to 11 U.S.C. § 550(a) and Va. Code Ann. § 55.1–400.

58. The Bankruptcy Estate has been damaged in an amount equal to the value of the transfers, plus attorney's fees, and costs of suit and collection.

59. Pursuant to Va. Code Ann. § 55.1–403, the Bankruptcy Estate is entitled to an award of attorney's fees if the transfers are declared void. In addition, the Court may assess sanctions, including such attorney fees, against all parties over which it has jurisdiction who, with the intent to defraud and having knowledge of the judgment, participated in the conveyance.

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) avoiding the transfers pursuant to 11 U.S.C. § 544 and Va. Code Ann. §§ 55.1–400, 55.1–404; (b) awarding judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550 and

Va. Code Ann. § 55.1-404 in the amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs, as appropriate; (c) awarding attorney's fees pursuant to Va. Code Ann. § 55.1–403; and (d) granting such other relief as this Court deems appropriate.

### COUNT V
### IN THE ALTERNATIVE, RECOVERY OF PROPERTY UNDER VIRGINIA LAW VOIDABLE CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b)(1), 550 & VA. CODE ANN. § 55.1-401

60. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 59.

61. The Trustee does not believe that the Debtors or Legacy Wealth Properties ever transferred their interests in the Colemans Lake Property, but in the event the transfer occurred, the transfer is avoidable.

62. Pursuant to 11 U.S.C. § 544(b)(1), the Plaintiff may avoid any transfer of interest of the Debtor in property that is voidable under state law by a creditor holding an allowable unsecured claim.

63. On October 29, 2016, the date the Consent was allegedly executed, the Debtors were indebted to one or more of the Pre-Transfer Creditors.

64. The Debtors were experiencing financial hardships at the time the Consent was executed.

65. The transfers described in Paragraph 52 and Paragraph 54 were conveyances which were not upon consideration deemed valuable in law or were by an insolvent transferor or were by a transferor who was rendered insolvent by the conveyance or transfer within the meaning of Va. Code Ann. § 55.1-401.

66. The transfers are thus avoidable by the Plaintiff pursuant to 11 U.S.C. § 544(b)(1) and Va. Code Ann. § 55.1–401 and Va. Code Ann. § 55.1–404.

67. To the extent the transfers are avoided, the Plaintiff, on behalf of the Bankruptcy

Estate, may recover the transferred property or the value of the transferred property from the Defendants pursuant to 11 U.S.C. § 550(a) and Va. Code Ann. § 55.1–401.

68. The Bankruptcy Estate has been damaged in an amount equal to the value of the transfers, plus attorneys' fees, and costs of suit and collection.

69. Pursuant to Va. Code Ann. § 55.1–403, the Bankruptcy Estate is entitled to an award of attorney's fees if the transfers are declared void. In addition, the Court may assess sanctions, including such attorney fees, against all parties over which it has jurisdiction who, with the intent to defraud and having knowledge of the judgment, participated in the conveyance.

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) avoiding the transfers pursuant to 11 U.S.C. § 544 and Va. Code Ann. §§ 55.1–401, 55.1–404; (b) awarding judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550 and Va. Code Ann. § 55.1-404 in the amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs, as appropriate; (c) awarding attorney's fees pursuant to Va. Code Ann. § 55.1–403; and (d) granting such other relief as this Court deems appropriate.

**COUNT VI**
**RECOVERY OF PROPERTY**
**ACTUALLY FRAUDULENT TRANSFER**
**PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A), 550**

70. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 69.

71. The Trustee does not believe that the Debtors or Legacy Wealth Properties ever transferred their interests in the Colemans Lake Property, but in the event the transfer occurred, the transfer is avoidable.

72. The transfer of the Debtors' interest in the Colemans Lake Property and/or Legacy Wealth Properties, LLC, as described in Paragraphs 52 and 54, were made with actual intent to hinder, delay, or defraud creditors to whom the Debtors were indebted at the time of the

transfers and to whom the Debtors became indebted to after the date of the transfers.

73. The Bankruptcy Estate has been damaged in an amount equal to the value of the transfers, plus attorneys' fees, and costs of suit and collection.

74. To the extent the transfers are avoided, the Plaintiff, on behalf of the Bankruptcy Estate, may recover the transferred property or the value of the transferred property from the Defendants pursuant to 11 U.S.C. § 550(a).

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) avoiding the transfers of and related to the Colemans Lake Property pursuant to 11 U.S.C. § 548; (b) awarding judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550 in the amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs, as appropriate; and (c) granting such other relief as this Court deems appropriate.

**COUNT VII**
**RECOVERY OF PROPERTY**
**CONSTRUCTIVELY FRAUDULENT TRANSFER**
**PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B), 550**

75. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 74.

76. The Trustee does not believe that the Debtors or Legacy Wealth Properties ever transferred their interests in the Colemans Lake Property, but in the event the transfer occurred, the transfer is avoidable.

77. The Debtors received less than reasonably equivalent value in exchange for the transfer of the Debtors' interest in the Colemans Lake Property and/or Legacy Wealth Properties, LLC, as described in Paragraphs 52 and 54.

78. The transfers were made while the Debtors were insolvent or the Debtors became insolvent as a result of the transfers.

79. The Bankruptcy Estate has been damaged in an amount equal to the value of the

transfers, plus attorneys' fees, and costs of suit and collection.

80.    To the extent the transfers are avoided, the Plaintiff, on behalf of the Bankruptcy Estate, may recover the transferred property or the value of the transferred property from the Defendants pursuant to 11 U.S.C. § 550(a).

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) avoiding the transfers of and related to the Colemans Lake Property pursuant to 11 U.S.C. § 548; (b) awarding judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550 in the amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs, as appropriate; and (c) granting such other relief as this Court deems appropriate.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court grant the Trustee the authority to sell both the Debtors' interest in the Colemans Lake Property as well as the interest of the Defendants upon presentation of a ratified contract of sale and motion for approval of that contemplated sale, for entry of an order requiring the Defendant to cooperate with the Trustee and his agents, including the Real Estate Broker, in facilitating the marketing of the Property for sale, or alternatively, for entry of an order permitting the Trustee and his agents to enter upon the Property for purposes of facilitating the sale of the Property, for an award of his attorneys fees and costs, and for such other and further relief as may be necessary.

In the alternative, Plaintiff prays pursuant to 11 U.S.C. § 541 and Va. Code §§ 13.1-1047 for this Court to order relief permitting the wind-up of Legacy Wealth Properties, LLC or to set aside any transfer of the Debtors' interest in Legacy Wealth Properties, LLC or the Colemans Lake Property pursuant to Virginia Code Va. Code § 55.1-400, 55.1-401 and 11 U.S.C. §§ 544, 548, and 550.

Respectfully submitted,

**DONALD F. KING, TRUSTEE**
By Counsel

By:     */s/ Bradley D. Jones*
Bradley D. Jones (VSB No. 85095)
Counsel for Trustee
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: (703) 218-2176
Fax:    (703) 218-2160
Brad.Jones@ofplaw.com

*Counsel to the Chapter 7 Trustee*

#5028751v2  031070/002806

- 16 -